■ ARTHUR A. ANDERSON et al., Appellants, v. SOURCE EQUITIES, INC., et al., Respondents.— Order, Supreme Court, New York County, entered on October 2, 1973, in this action to recover damages for breach of contract, granting defendants' motion for summary judgment dismissing the complaint and annulling the order of attachment previously granted herein, reversed, on the law, with costs, and motion denied. The letter of intent, drawn in longhand on January 14, 1972, which forms the basis of this action, contains all of the essential terms sued upon and was admittedly signed on that date, at the end thereof, by both individual defendants following the language: "Please sign below if you agree with this letter of intent." That document was likewise executed by plaintiff Anderson following the language "Accepted & Agreed". The majority of this court cannot conceive of a more clear-cut issue of fact requiring denial of summary relief than that presented in this record concerning what the parties intended when they executed the subject letter on January 14, 1972. We do not agree with Special Term that the pretrial testimony of attorney Wasserman, who represented plaintiff Anderson at the negotiations and signing of the letter of intent, " establishes that the parties did not intend to effectuate a binding agreement on January 14, 1972 ". Special Term's finding that attorney Wasserman's testimony constituted a sufficient basis for establishing, as a matter of law, that the letter of intent was but a preliminary understanding between the parties looking to future negotiations concerning unresolved matters, is at odds with the testimony of plaintiff Anderson, the terms of the letter itself, also with parts of Wasserman's testimony and with the conduct of the defendants in performing almost all of the obligations which they assumed in the document in question. Concur — Kupferman, Tilzer and Capozzoli, JJ.; McGivern, P. J., and Steuer, J., dissent in the following memorandum by McGivern, P. J.: I would affirm. The majority opinion fails to give adequate recognition to the fact that the letter of intent signed " Accepted & Agreed " was by the uncontradicted testimony of plaintiff Anderson's attorney not intended to have any operative effect until approval by the attorneys for the defendants. And of significant and controlling consequence is the conceded fact that plaintiff Anderson was present, acquiesced in, and did not refute his attorney's representations that any papers signed, which of course includes the instrument designated letter of intent drawn by his attorney, would have no binding effect until approved by the attorneys for the defendants. (See *Wen Kroy Realty Co.* v. *Public Nat. Bank & Trust Co.*, 260 N. Y. 84.) At best, only some of the obviously essential terms had been agreed upon; how-

ever, even if all the essential terms are basically agreed upon, where the operative effect of an instrument is subjected to the approval of attorneys, until such approval is procured it cannot be and is not a binding instrument as a matter of law. The uncontroverted sworn testimony of plaintiff Anderson's former attorney precludes a finding that a binding agreement was intended. (*Rubin* v. *Irving Trust Co.,* 305 N. Y. 288, 306; *Kramer* v. *Harris,* 9 A D 2d 282, 283; see, also, *Ehrlich* v. *American Moninger Greenhouse Mfg. Co.,* 26 N Y 2d 255.) Although summary judgment may be inappropriate on the issue of intent when the evidence is susceptible of conflicting inferences, no such conflicting evidence is here presented. (*Strasburger* v. *Rosenheim,* 234 App. Div. 544, 547; *Kramer* v. *Harris, supra.*)